

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-82,802-01

### EX PARTE DEQUINNCY TYSON, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 1099769-A IN THE 263RD DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam*.

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of methylenedioxy methamphetamine ("MDMA") in an amount of less than one gram, and was sentenced pursuant to Section 12.44(a) of the Texas Penal Code to thirty days in county jail. He did not appeal his conviction.

Applicant contends that his plea was involuntary and that his conviction violates due process because several years after he entered his plea, the evidence in his case was tested and found not to

contain any controlled substance or dangerous drug. Although Applicant has discharged his sentence in this case, he alleges that he is suffering continuing consequences as a result of this conviction. Those continuing consequences are sufficient to allow this Court to address his claims. *Ex parte Harrington*, 310 S.W.3d 452, 456-57 (Tex. Crim. App. 2010).

The parties have entered agreed findings of fact and conclusions of law, and the trial court has determined that Applicant's decision to plead guilty in this case was not a voluntary and intelligent choice. Applicant is entitled to relief. *Ex parte Mable*, 443 S.W.3d 129 (Tex. Crim. App. 2014).

Relief is granted. The judgment in Cause No. 1099769 in the 263rd District Court of Harris County is set aside, and Applicant is remanded to the custody of the Sheriff of Harris County to answer the charges as set out in the indictment. The trial court shall issue any necessary bench warrant within 10 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.

Delivered: February 25, 2015
Do not publish